JACOBS, Appellant, v. MILWAUKEE & SUBURBAN TRANS-PORT CORPORATION, Respondent.

*No. 110. Argued February 5, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 162.)

662

For the appellant there was a brief by *Habush, Gillick, Habush & Davis,* and oral argument by *James J. Murphy,* all of Milwaukee.

For the respondent there was a brief by *Kivett & Kasdorf,* attorneys, and *John M. Swietlik* of counsel, all of Milwaukee, and oral argument by *Mr. Swietlik.*

HALLOWS, C. J. The action was dismissed because the contribution of Mrs. Jacobs' negligence exceeded that of the defendant bus driver. Sec. 895.045, Stats. The first issue is whether the jury's finding on apportionment of this negligence is sustained by the evidence. There was sufficient evidence to raise a jury question of causal negligence on the part of both the bus driver and Mrs. Jacobs and we cannot hold Mrs. Jacobs was not negligent as a matter of law.

The bus was stopped at the bus stop behind a car which had stopped for a signal light. Several passengers, Mrs. Jacobs, and her granddaughter boarded the bus. After the light changed to green, the bus pulled ahead at about two miles an hour when the driver noticed a red auto out of the corner of his eye. The auto was going 20 to 23 miles per hour and turned right into Oklahoma avenue, cutting off the bus. The driver stopped the bus abruptly to avoid a collision.

Mrs. Jacobs followed her granddaughter into the bus. She did not use the grab handles on the end of each seat or any other aid in walking down the aisle to reach an empty seat. When the bus suddenly stopped, her granddaughter grabbed a vertical stanchion pole which was located near the center of the bus, but Mrs. Jacobs was not in a position to grab the pole and fell to the floor of the bus. We think the jury was correct in finding Mrs. Jacobs did not use reasonable care for her own safety. While it may not be necessary to proceed down the aisle of a bus hand-over-hand on a horizontal bar or on the seat handles, nevertheless one in a moving bus or a bus about to move ought to take some precaution to maintain her balance. Here, Mrs. Jacobs did not attempt to maintain her balance when the bus started to move. She was aware the bus was going to start up

and she should have been prepared for the ordinary movement of the bus and a possible sudden stop. While a passenger on a public bus is not required to use the highest degree of care to safeguard himself from injury, he is required to use reasonable or ordinary care and we think an ordinary prudent person would not walk down a bus aisle without hanging on or being in a position to use devices provided to aid one in maintaining his balance on a moving bus. *See* 14 Am. Jur. 2d, *Carriers*, p. 469, sec. 1049; Annot. (1958), *Motor carrier's liability for injury to passenger by sudden stopping, starting, or lurching of conveyance*, 57 A. L. R. 2d 5.

This duty is not inconsistent with the duty of a public carrier to exercise a high degree of care for the safety of its passengers. While a high degree of care is required, the bus driver is not required to ascertain if all passengers are seated before starting the bus nor should he strike another car to avoid a sudden stop.

Mrs. Jacobs, relying upon *Cincinnati, Newport & Covington Transportation Co. v. Fischer* (1962, Ky. Court of Appeals), 357 S. W. 2d 870, argues the bus company did not prove that she had a reasonable opportunity to use safety devices in walking to a seat. We think there is no merit to this argument. Mrs. Jacobs was in the aisle looking for a seat, the safety devices were available and unused by her even after the bus started to move.

We are not inclined to upset the apportionment of negligence. The apportionment was within a reasonable range and in any event the jury could reasonably find as it did that Mrs. Jacobs' negligence contributed more to her injuries than the negligence of the driver. While it can be argued "but for" the bus driver's prior negligence in not seeing the red auto sooner no injury would have happened, it can also be argued that "but for" Mrs. Jacobs' subsequent negligence there would have been no injury.

Error is claimed in the form of the instruction on the comparison question. In *Theisen v. Milwaukee Automobile Mut. Ins. Co.* (1962), 18 Wis. 2d 91, 107, 118 N. W. 2d 140, 119 N. W. 2d 393, we stated that when the plaintiff's contributory negligence was passive in nature, *i.e.*, not a basis for liability, the apportionment question should be submitted only in terms of causing the plaintiff's injuries. Here, the court in its instruction used the term "accident and injuries." This was error but not prejudicial. The use of the word "accident" could refer to the sudden stop, which was not caused by Mrs. Jacobs' negligence, and was more prejudicial to the bus company than the plaintiff. There is no evidence the jury was misled.

Error is claimed in the instructions on lookout, emergency, the duty of a bus passenger, and the sudden stopping of the bus. We find no error in the instruction which the court gave on lookout. We find no need to instruct that the bus driver should have looked to his rear. The bus was going straight ahead, it was not deviating from its lane, and thus the duty as to lookout to the rear did not arise. *Bentzler v. Braun* (1967), 34 Wis. 2d 362, 370–373, 149 N. W. 2d 626; *Johnson v. McDermott* (1968), 38 Wis. 2d 185, 156 N. W. 2d 404; *Crowder v. Milwaukee & Suburban Transport Corp.* (1968), 39 Wis. 2d 499, 159 N. W. 2d 723. We think the evidence relating to the bus driver's lookout raised a question for the jury and consequently it was for the jury to determine this and whether an emergency existed. Consequently, the emergency instruction was properly given. Conversely, when the court can determine that a party is negligent as a matter of law and that negligence caused the emergency, the emergency instruction is not available to such a party.

We find no error in the instruction on the duty of the bus passenger. It substantially told the jury that a passenger who is standing or walking in the bus has the duty to exercise reasonable care for his or her safety

by making use of grab handles, bars, rails, or straps provided for his or her safety, and the failure to hold onto or make use of these devices constituted contributory negligence on the part of the passenger. In view of the evidence, this was a proper instruction in this case. There may be circumstances when a bus is parked and is not going to start where the failure to use grab handles or rails would not amount to contributory negligence or the failure to use them would not be causal. But here, the bus was about to start and Mrs. Jacobs was aware of it and the evidence sustains the finding such failure was causal. Likewise, we find no error in the instruction relating to the sudden stopping of the bus.

As no basis exists for reversing the comparison of negligence, the issue involving the aggravation of a preexisting condition as an element of damages becomes moot and is not reached.

*By the Court.*—Judgment affirmed.