**CORNELL HARBISON EXCAVATING, INC., Appellant (Defendant Below),**

v.

**Gregory D. MAY and Cherie L. May, Appellees (Plaintiffs Below).**

No. 10A04–8801–CV–22.

Court of Appeals of Indiana, Fourth District.

Nov. 30, 1988.

Richard G. Segal, George M. Streckfus, Segal and Shanks, Jeffersonville, for appellant.

Edwin S. Sedwick, Sedwick & Sedwick, Jeffersonville, for appellees.

CONOVER, Presiding Judge.

Defendant–Appellant Cornell Harbison Excavating, Inc. (Harbison) appeals the trial court's decision to strike its nonparty defense in this suit filed against it by Greg and Cherie May (Mays).

We affirm.

Harbison presents two issues for our review. Restated, they are:

1. whether a party pleading the Indiana Comparative Fault Act's nonparty defense must specifically name the nonparty, and

2. whether Indiana Rules of Procedure, Trial Rule 12(F) is a proper method to challenge an improperly pled nonparty defense.

The Mays were driving their car when a dog ran onto the roadway causing Mr. May to swerve into a ditch and strike drainage and sewer pipes left there by Harbison. The complaint alleged Harbison was negligent in storing the pipes. Harbison's answer named the "unknown owner of the dog," Curtis Hooper, and General Motors Corporation as nonparties to the action. Mays filed a motion to strike the unknown owner of the dog as a nonparty. They argued the nonparty defense requires the party asserting it to name the nonparty specifically. The trial court granted this motion, and Harbison filed this interlocutory appeal.

The Mays contend the trial court correctly struck the nonparty defense because the Indiana Comparative Fault Act (Act) was designed to ensure maximization of recovery by plaintiffs when the nonparty cannot be identified. This assertion would place 100% liability on known defendants. They argue this contention is supported by I.C. 34-4-33-6, which requires the jury to disclose the nonparty's name. Harbison argues the purpose of the Act is to allocate percentages of fault to all persons responsible for plaintiff's injury regardless of whether they have been specifically named. The Act is satisfied when defendant gives as complete a description of the unidentified tortfeasor as possible, Harbison claims.

IND.CODE 34-4-33-2 defines nonparty as:

> a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant. A nonparty shall not include the employer of the claimant.

This issue has been addressed by various writers, courts, and commentators. Two schools of thought have developed on this subject. The first supports the Mays' position, the next supports that of Harbison. In Wilkins, *Indiana Comparative Fault Act at First (Lingering) Glance*, 17 Ind.L. Rev. 687, 739 (1984), the writer, commenting on our Act, argued fault should be apportioned among all tortfeasors, including unidentified nonparties by stating "the requirement the jury name the nonparty probably does not mean the defense will fail unless the person can be named with specificity. Under proper circumstances, a 'John or Jane Doe' identification should suffice." In *Bartlett v. New Mexico Welding Supply, Inc.* (1982), App., 98 N.M. 152, 646 P.2d 579, 585, the court stated

> It is accepted practice to include all tortfeasors in the apportionment question. This includes nonparties who may be unknown tortfeasors, phantom drivers, and persons alleged to be negligent but not liable in damages to the injured party such as in the third party cases arising in the workmen's compensation area.

*Id.*, citing Heft and Heft, *Comparative Negligence Manual* (1978), § 8.100.

In *Jacobs v. Milwaukee & Suburban Transport Corp.* (1969), 41 Wis.2d 661, 165 N.W.2d 162, the plaintiff boarded a city bus, lost her balance, and fell to the floor when the bus made a sudden stop. The evidence established the bus had just started out when an unknown driver of an automobile suddenly made a sharp right turn in front of the bus in order to avoid a collision. The case was submitted to the jury on an ultimate fact verdict, and the jury apportioned the causal negligence 12% to the bus driver, 19% to the plaintiff, and 69% to the unknown driver of the automobile. The supreme court refused to change the percentages of fault, affirmed and dismissed the plaintiff's complaint. *Id.* 165 N.W.2d at 165. Commentators have argued this analysis must be used since true apportionment cannot be achieved unless apportionment includes all tortfeasors guilty of causal negligence. Heft and Heft, *supra.*

On the other hand, in 1983 when our legislature wrote our Comparative Fault Act, it had before it other jurisdictions' statutes and precedents relating thereto. As originally written, our Act embraced the principle of fair allocation. It provided:

> (1) The jury shall determine the percentage of fault of the claimant, of the primary defendant, and *of any person who*

*is not a party to the litigation* and whose fault approximately contributed to cause the death, injury or property damages for which suit is brought. The percentage of fault figures of parties to the action may total less than one hundred percent (100%) if the jury finds that fault contributing to cause the claimant's loss has also come from persons *who are not parties to the action.*

IND.CODE 34–4–33–5(b)(1) (Supp.1983) (emphasis added) (amended 1984). However, before the prospective date on which the Act by its terms was to become effective (January 1, 1985), the legislature substantially diluted the nonparty provision in this regard by enacting a new section which stated "[t]he jury shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a *nonparty.*" IND.CODE 34–4–33–5(a)(1) (Supp.1984) (emphasis added). Further, our legislature in IND.CODE 34–4–33–6 stated

Sec. 6. The court shall furnish to the jury forms of verdicts that require the disclosure of:

(1) the percentage of fault charged against each party; and

(2) the calculations made by the jury to arrive at their final verdict. If the evidence in the action is sufficient to support the charging of fault to a nonparty, the form of verdict also shall require *a disclosure of the name of the nonparty* and the percentage of fault charged to the nonparty. (Emphasis supplied).

Finally, IND.CODE 34–4–33–10(b) places the burden of pleading and proving the nonparty defense on the defendant. See also, *Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247, 253; and Bayliff, *Drafting and Legislative History of the Comparative Fault Act,* 17 Ind.L.R. 863, 878.

■■■■ Legislative intent is foremost in construing any statute. *Alvers v. State* (1986), Ind.App., 489 N.E.2d 83, 88. These statutes as presently written, coupled with their legislative history, clearly evidence the legislature's intent to place the burden of pleading and proving the specific name

of the nonparty on the defendant. Thus, by clear implication, the legislature intended a claimant's recovery is not to be diminished by the percentage of fault of unidentified nonparties.

The thrust of the amendment is that in order for a culpable nonparty to be assigned fault by the trier of fact, such person must be subject to liability by civil action. Eilbacher, *Comparative Fault and the Nonparty Tortfeasor,* 17 Ind.L. Rev. 903, 924. This amendment illustrates the legislature's intention that a culpable nonparty cannot be assigned fault unless the nonparty is subject to civil liability in some forum. *Id.* An unidentified nonparty is not subject to liability.

In Eilbacher, *supra,* the writer commented on our Act, opining, "[i]f defendant seeks to diminish his own contribution to damages by proof of fault of the nonparty, the defendant should offer the name of the nonparty tortfeaser. The Act sacrificed a true apportionment of damages among all tortfeasors in favor of maximizing recovery by the injured plaintiff where the nonparty cannot be identified." *Id.*

This view squares with *Selchert v. State* (1988), Ia., 420 N.W.2d 816, 819, where the court held fault may not be allocated to an unidentified nonparty. The court quoted the following portion of the Uniform Comparative Fault Act § 2, comment 2, 12 U.L. A. 46 (1985 Supp.).

[L]imitation to the parties to the action means ignoring other persons who may have been at fault with regard to the particular injury but who have not been joined as parties. This is a deliberate decision. It cannot be told with certainty whether that person was actually at fault or what fault should be attributed to him, or whether he will ever be sued, or whether the statute of limitations will run on him, etc. An attempt to settle these matters in a suit to which he is not a party would not be binding on him. Both plaintiffs and defendants will have significant incentive for joining available defendants who may be liable. The more parties joined whose fault contributed to the injury, the smaller the percentage of

fault allotted to each of the other parties, whether plaintiff or defendant.

*Selchert, supra,* at 819–820. By implication a claimant's recovery shall not be diminished by the percentage of fault of unidentified nonparties.

We therefore hold the trial court was correct in striking Harbison's nonparty defense for failure to specifically name the unknown owner of the dog. Our holding does not mean settling parties, dismissed parties and known parties from whom no relief was sought will not be considered in the fault allocation process. It only means nonparties must be specifically named by the defendant to maintain his claim there is such a person whose percentage of fault should be determined.

■ Harbison next contends the trial court erred by striking its nonparty defense pursuant to T.R. 12(F).[1] We disagree.

IND.CODE 34–4–33–10(c) states in pertinent part:

[T]he trial court may ... make other suitable time limitations in any manner that is consistent with

(1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and

(2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

The trial court in its order striking the nonparty defense stated Harbison would be granted leave to reinstate its nonparty defense if it could specifically identify the "unknown owner but not later than 45 days prior to the expiration of the limitation of action applicable to plaintiff's claim or not later than 45 days prior to the trial date of this matter (October 4, 1988), whichever occurs first." Clearly, Harbison was given a reasonable opportunity to discover the

name of the unknown owner of the dog. We find no error here.

AFFIRMED.

MILLER and NEAL, JJ., concur.

---

1. Trial Rule 12(F) states:

Upon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty [20] days after the service of the pleading upon him or at any time upon the court's own initiative, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter.