CORNELL HARBISON EXCAVATING,
INC., Appellant (Defendant Below),

v.

Gregory D. MAY and Cherie L. May,
Appellees (Plaintiffs Below).

No. 10S04–8911–CV–875.

Supreme Court of Indiana.

Nov. 28, 1989.

Richard G. Segal, George M. Streckfus, Segal and Shanks, Jeffersonville, for appellant.

Edwin S. Sedwick, Sedwick and Sedwick, Jeffersonville, for appellees.

DICKSON, Justice.

The principal question posed by this case is whether a party pleading the Indiana Comparative Fault Act's nonparty defense must specifically name the nonparty. We grant transfer because this is an issue of first impression before this Court, which until now has not had occasion to review questions arising under the Act.

Plaintiffs-appellees Gregory D. May and Cherie L. May (Mays) brought this damage action against defendant-appellant Cornell Harbison Excavating, Inc. (Harbison) alleging negligence in the storage of drainage and sewer pipe struck by the Mays' vehicle as it swerved into a ditch when a dog ran into the roadway. Harbison's answer affirmatively raised the nonparty defense, naming the "unknown owner of the dog" as a nonparty. The Mays filed a motion to strike the unknown owner, asserting that the nonparty defense requires a nonparty to be specifically named. The trial court granted the motion, precipitating an interlocutory appeal. The Court of Appeals affirmed the trial court. *Cornell Harbison Excavating, Inc. v. May* (1988), Ind.App., 530 N.E.2d 771.

The Indiana Comparative Fault Act establishes the statutory nonparty defense, the burden of pleading and proof of which is upon a defendant. Ind.Code § 34–4–33–10. This affirmative defense permits the finder of fact to allocate a percentage of fault to any person who is a nonparty. Ind.Code § 34–4–33–5. In addition, Ind.Code § 34–4–33–6 imposes additional requirements as to the form of verdict [1] to be used:

---

**1.** In comparative fault actions tried by the court without a jury, Ind.Code § 34–4–33–5(c) requires a trial court to make its award in accord-

ance with the principles specified for juries. While the use of a verdict form necessarily applies only to jury trials, the requirement to

The court shall furnish to the jury forms of verdicts that require the disclosure of:

(1) the percentage of fault charged against each party; and

(2) the calculations made by the jury to arrive at their final verdict.

If the evidence in the action is sufficient to support the charging of fault to a nonparty, the form of verdict also shall require a disclosure *of the name of the nonparty* and the percentage of fault charged to the nonparty. [emphasis added]

"Nonparty" is defined to mean a party "who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant." Ind.Code § 34-4-33-2(a).

█ Harbison contends that because of the general nature and purpose of the Act, it should not be required to provide the "proper, given name for a nonparty when it is not reasonably possible to do so." It argues that the phrase "also shall require a disclosure of the name of the nonparty" in section 6 of the Act should be construed to require only the general identification of a nonparty, sufficient to distinguish the nonparty from other "persons."

The Mays argue that such an interpretation would amount to "judicial amputation" of the Act and would ignore Ind.Code § 34-4-33-10(c), the purpose of which is to give a comparative fault plaintiff an opportunity to add as named defendants any persons subject to allocation of fault under a defendant's nonparty defense.

The Court of Appeals agreed and held that the trial court was correct in striking Harbison's nonparty defense for failure to specifically name the owner of the dog. Writing for a unanimous Court of Appeals panel, Judge Conover observed:

Legislative intent is foremost in construing any statute. *Alvers v. State* (1986), Ind.App., 489 N.E.2d 83, 88. These statutes as presently written, coupled with their legislative history, clearly evidence the legislature's intent to place

disclose the name of a nonparty is implicitly

the burden of pleading and proving the specific name of the nonparty on the defendant. Thus, by clear implication, the legislature intended a claimant's recovery is not to be diminished by the percentage of fault of unidentified nonparties.

The thrust of the amendment [the present Ind.Code § 34-4-33-5(a)(1)] is that in order for a culpable nonparty to be assigned fault by the trier of fact, such person must be subject to liability by civil action. Eilbacher, *Comparative Fault and the Nonparty Tortfeasor*, 17 Ind.L.Rev. 903, 924. This amendment illustrates the legislature's intention that a culpable nonparty cannot be assigned fault unless the nonparty is subject to civil liability in some forum. *Id.* An unidentified nonparty is not subject to liability.

In Eilbacher, *supra*, the writer commented on our Act, opining, "[i]f defendant seeks to diminish his own contribution to damages by proof of fault of the nonparty, the defendant should offer the name of the nonparty tortfeasor. The Act sacrificed a true apportionment of damages among all tortfeasors in favor of maximizing recovery by the injured plaintiff where the nonparty cannot be identified." *Id.* 530 N.E.2d at 773. We concur with this view. Moreover, the plain meaning and clear language of section 6 unmistakably require the disclosure of "the name of the nonparty," not merely a generic identification. To hold otherwise would render meaningless the express statutory language.

█ We likewise concur with the determination of the Court of Appeals that a motion to strike pursuant to Ind.Trial Rule 12(F) was an appropriate mechanism to question a nonparty defense that failed to specifically name the alleged nonparty. In granting the motion to strike, the trial court granted Harbison leave to reinstate its nonparty defense if it could specifically identify the unknown owner of the dog within the time limits provided by the

applicable to bench trials.

Indiana Comparative Fault Act. This was a correct determination.

Transfer granted. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.