**Allan J. KVETON, Andrea Kveton, Kami Kveton, and Kip Kveton, Plaintiffs–Appellants,**

v.

**Tracee A. SIADE, Defendant–Appellee.**

**No. 46A03–8910–CV–465.**

Court of Appeals of Indiana, Third District.

Nov. 21, 1990.

---

Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans, P.C., Kokomo, David L. Matthews, Matthews–Rohrs & Associates, South Bend, for plaintiffs-appellants.

Timothy J. Walsh, Edward N. Kalamaros & Associates Prof. Corp., South Bend, for defendant-appellee.

GARRARD, Judge.

Allan J. Kveton, Andrea Kveton, Kami Kveton and Kip Kveton (the Kvetons) appeal the judgment of the LaPorte Circuit Court in which they were awarded $15,000, $2500, $1250 and $1250, respectively, for damages they sustained when Allan Kveton was injured in an automobile accident with Tracee A. Siade. They present one issue for review:

> Whether it was error for the trial court to instruct the jury that it could consider the fault of any other driver not party to the suit when the identity of such parties is not known.

On July 29, 1985, Siade was driving her automobile in Elkhart, Indiana. She intended to turn north onto Main Street from a private driveway. To do so, she had to cross two lanes of south-bound traffic. According to Siade's testimony, a man driving a green pick-up truck approached in the right south-bound lane and stopped to allow her space to exit. The man turned to his left to check traffic approaching from the left lane behind him, turned back, smiled and motioned for Siade to proceed. She did so and collided with Allan Kveton's pick-up truck in the left, south-bound lane of Main Street. Kveton sustained injury.

In her answer to the Kvetons' complaint, Siade asserted that the driver of the green truck was at least partly responsible for the injury to Kveton. She did not, however, specify the man's name.

At trial, Siade tendered an instruction on the elements of negligence. Part of that instruction allowed the jury to consider the actions or omissions of any operator of a motor vehicle, "whether that operator is a party to this action or not." The trial court read this instruction as modified to the jury over the Kvetons' objection. It is from this instruction that the Kvetons appeal their award.

After the jury started its deliberations, the court received several notes from the jury. One of the notes asked, "May we have the portion of the instructions on 3rd party liability?" The court, over the Kvetons' objections, re-read all the instructions

to the jury. The jury then returned its verdict.

As a preliminary matter, Siade contends that the Kvetons have waived any alleged instructional error by not properly objecting to it. She argues that the court substituted instruction No. 8 for proposed instruction No. 1, and that the Kvetons did not object to No. 8. However, the record shows that the Kvetons timely objected to instruction No. 1, which the court renumbered instruction No. 8. The Kvetons have not waived their allegation of error. Moreover, the Kvetons have, contrary to Siade's assertion, set out the allegedly erroneous instruction verbatim along with their objections to it. Since we find that the Kvetons' initial objection to the instruction was sufficient to preserve error, we need not reach the issue of the sufficiency of the objection when the court read the instruction to the jury for the second time.

■ The Kvetons contend that the trial court erred in giving the following instruction:

In order to prevail upon the allegation of negligence, the plaintiffs must establish, by a preponderance of the evidence, each and every one of the following elements:
1. The existence of a duty owing from the defendant, Tracee Siade, to the plaintiff, Allan Kveton, at the time and under the circumstances of the accident occurring on July 29, 1985; and
2. The defendant's failure to conform her conduct to the requisite standard of care required by the relationship, that is, what a reasonable and prudent person would have done or would not have done under the same or similar circumstances; and,
3. Injuries to the plaintiffs proximately resulting from each failure.
If you find that the plaintiffs have failed to prove any one or more of these elements, your verdict may be for the defendant, Tracee Siade.

In this regard, I further instruct you that you may take into consideration the actions or omissions of any operator of a motor vehicle whose conduct, in your

judgment, was the proximate cause of the aforesaid accident, whether that operator is a party to this action or not.

They contend that it incorrectly states the law because it allows the jury to consider the conduct of unnamed nonparties whose conduct may have been a proximate cause of the accident.

Our comparative fault act provides that:

In an action based on fault, a defendant may assert as a defense that *the* damages of the claimant were caused *in full* or in part by a nonparty. Such a defense is referred to in this section as a nonparty defense. (emphasis added)

IC 34–4–33–10(a). That section of the statute additionally requires the defendant to affirmatively plead a nonparty defense and places the burden of proving the defense upon the defendant.

In addition, IC 34–4–33–6 mandates that "[i]f the evidence in the action is sufficient to support the charging of fault to a nonparty, the form of verdict also shall *require* a disclosure of the *name* of the nonparty and the percentage of fault charged to the non-party." (emphasis added)

Needless to say, the nonparty provisions of the act have been troublesome to the courts and the wisdom of the statutory scheme is open to some question. Absent further legislative action, however, those problems were resolved by our supreme court in *Cornell Harbison Excavating, Inc. v. May* (1989), Ind., 546 N.E.2d 1186. There the court adopted the view that the statute "sacrificed a true apportionment of damages among all tortfeasors in favor of maximizing recovery by the injured plaintiff where the nonparty cannot be identified" and that such identification requires establishing the name of the nonparty so that he may be subject to civil liability. 546 N.E.2d at 1187. Thus, a generic identification such as "the unknown owner of the dog" is inadequate and the jury should not be permitted to assess fault to such a nonparty.

Siade contends, however, that since she may defeat the Kvetons' claim by negating one of the elements of their negligence

claim, she may introduce evidence and have the jury consider that causation is attributable to another entity not named in the suit. In support she cites *Moore v. General Motors Corp.* (S.D.Ind.1988), 684 F.Supp. 220 which permitted introduction of evidence that plaintiff's employer and co-employees were the cause of plaintiff's injuries. (The employer and co-employees were excluded by statute from being named as nonparties. IC 34–4–33–2(a).)

We agree that a plaintiff has the burden of establishing all the elements of his or her claim and that a defendant may introduce relevant evidence to negate the assertion that he acted negligently or that his actions proximately caused plaintiff's injury.

Yet the statute applicable to nonparty defenses encompasses the contention that *all* of plaintiff's damages were caused by some third party. Thus, the concerns and the rule of *Cornell Harbison* are implicated if the defendant contends either that his conduct did not constitute negligence when it is considered in context with the conduct of some non-named third party, or when he contends that the conduct of the non-named third party was the sole efficient proximate cause of plaintiff's injuries.[1] (Clearly the rule applies if defendant contends the third party's conduct is partially responsible for plaintiff's injuries.)

In the instruction complained of, the court initially advised the jury on the plaintiffs' burden of proof and that plaintiffs' failure to establish one or more of the elements thereof should result in a verdict for the defendant. To this the court added:

In this regard, I further instruct you that you may take into consideration the actions or omissions of any operator of a motor vehicle whose conduct, in your judgment, was the proximate cause of the aforesaid accident, whether that operator is a party to this action or not.

We think the instruction was confusing and misleading to the jury despite the effort to confine its application to whether or not the plaintiffs had met their burden of proof. By directing the jury's attention to the unnamed nonparty's actions and telling them that they might consider whether such actions were the proximate cause of the collision, the court was necessarily inviting them to determine the fault of an unnamed nonparty. That is precisely what the statute, as interpreted by *Cornell Harbison,* forbids.

We are inclined to agree that the statute cannot be employed to preclude the introduction of competent and relevant evidence that the conduct of some non-named third party was the proximate cause of a plaintiff's injuries or rendered a named defendant's conduct not negligent under the circumstances, even though the name of that non-named party was never discovered. That evidence, when present, may be argued to the jury as bearing on the elements of a plaintiff's claim and his or her burden of proof as against the defendant. That may be done without the necessity of the court inviting the jury to consider the conduct of such a nonparty and determine whether it was the proximate cause of the plaintiff's injuries.

In addition, we cannot view the error as harmless even though the jury returned a verdict assessing 100% of fault between the plaintiffs and the named defendant. If they indeed considered the driver of the green truck at fault to some degree, we may only conjecture as to where they assigned that fault in the verdict. Under the circumstances we cannot express confidence in that verdict.

It follows that the judgment must be reversed and the case remanded for a new trial.

Reversed and remanded.

STATON and SULLIVAN, JJ., concur.

---

**1.** While modern notions of causation are more receptive to the concept of *a* contributing proximate cause, the idea that one causative act or omission may effectively overshadow the other acts and omissions of the parties has not been abandoned in the law.