Carrie L. TEMPLIN, Noalus. A. Templin,
Autumn A. Binnion b/n/f Carrie L.
Templin, Appellants (Plaintiffs Below),

v.

Karl R. FOBES, Appellee
(Defendant Below).

No. 52S02–9307–CV–762.

Supreme Court of Indiana.

July 19, 1993.

**542**

Brent E. Clary, Roger Wm. Bennett, Bennett Boehning Poynter & Clary, Lafayette, for appellants.

Karl R. Fobes, Thomas Todd Reynolds, Michael D. Ramsey, Rocap, Witchger & Threlkeld, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Judge.

We grant transfer to decide whether a defendant is required to identify a nonparty by name even where a plaintiff has actual knowledge of the nonparty's identity.

Karl Fobes (Defendant–Appellee below) seeks transfer after the Court of Appeals reversed a judgment entered on a jury verdict in favor of Carrie Templin, Noalus Templin, and Autumn Binnion (Plaintiffs–Appellants below) (collectively the "Templins") because of trial court error in connection with Fobes' nonparty defense. *Templin v. Fobes* (1992), Ind.App., 602 N.E.2d 523. We address the following issues:

(1) Whether the trial court abused its discretion in denying the Templins leave to amend their complaint to add Rockwood, Inc., as a party; and

(2) Whether the trial court erred in denying the Templins' motion for judgment on the pleadings concerning Fobes' nonparty defense because the nonparty was not named within the time provided by statute.

### Facts

On May 10, 1989, a conversion van driven by Carrie Templin and an automobile driven by Karl Fobes collided at an intersection in Miami County, Indiana. The evidence most favorable to the verdict shows that Fobes, believing that Templin intended to make a right-hand turn in the van because her right turn signal was blinking, entered the intersection in front of the van and collided with it. The impact broke the bolt which anchored the driver's seat to the floor of the van, causing the seat to fall on its side. Templin and her daughter, Autumn Binnion, a passenger in the van, sustained personal injury. Templin's husband, Noalus Templin, suffered loss of consortium as a result of his wife's injuries.

On August 28, 1989, the Templins filed their complaint against Fobes alleging negligence. As an affirmative defense, Fobes alleged that the accident was caused by the fault of an unnamed third party who had negligently designed, manufactured, and installed the driver's seat in the Templins' conversion van.

On February 1, 1991, the Templins sought leave to amend their complaint to add as a defendant, Rockwood, Inc., the van conversion company, alleging that Rockwood had negligently designed, manufactured, or installed the driver's seat in the van. Fobes objected. After argument, the trial court denied the motion on the grounds that an amendment would cause additional delay and expense. Thereafter, on May 2, 1991, the Templins filed a separate action against Rockwood seeking a recovery for the allegedly-defective driver's seat on theories of negligence and strict liability in tort.

On May 24, 1991, the Templins filed a motion for partial judgment on the pleadings, pursuant to Indiana Trial Rule 12(C), with respect to Fobes' nonparty defense. The basis of the Templins' motion was Fobes' failure to name Rockwood as the nonparty at least 45 days before expiration of the applicable statute of limitations, as specified in *Ind. Code Ann.* § 34–4–33–10(c) (West Supp.1992). The trial court denied the motion, and permitted Fobes to amend

his pre-trial contentions to name Rockwood as the nonparty.

The Templins' case against Fobes was tried in July, 1991. The jury found damages for each plaintiff in the following amounts: Carrie Templin $15,000; Noalus Templin $1,500; and Autumn Binnion $1,500. The jury allocated fault as follows:

1) Carrie Templin = 5%; Rockwood = 85%; Fobes = 10%

2) Noalus Templin = 0%; Rockwood = 99%; Fobes = 1%

3) Autumn Binnion = 0%; Rockwood = 75%; Fobes = 25%

Judgment was entered on the verdict, and the Templins appealed.

The Court of Appeals held that the trial court abused its discretion in denying the motion to amend the complaint because any prejudice to Fobes caused by the delay and expense was insufficient to contradict the clear intent of the Comparative Fault Act. 602 N.E.2d at 527. A majority of the court also held that the trial court erred in denying the Templins' motion for judgment on the pleadings. *Id.* at 529. Considering the trial court's ruling on both motions, a majority of the court held that the Templins were prejudiced by those rulings because the Templins "were denied the use of the procedures of the [Comparative Fault] Act which allow nonparties to be added as defendants whenever possible in order to avoid the possibility of inconsistent verdicts in separate trials while Fobes was improperly permitted to use the Act to shift the blame to Rockwood, an empty chair the Templins were not permitted to fill." *Id.* at 529. In dissent to whether Fobes was entitled to present his nonparty defense, Judge Sullivan wrote that a defendant should not be required to identify a nonparty where a plaintiff had equal knowledge of the nonparty's identity. *Id.* at 530.

### No Abuse of Discretion to Refuse Amended Complaint

Fobes argues that the trial court acted within its discretion in denying the Temp-lins leave to amend their complaint to add Rockwood as a defendant. We agree.

The trial court has broad discretion when deciding whether to permit amendments to pleadings. *Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221, 1223; *Huff v. Travelers Indem. Co.* (1977), 266 Ind. 414, 419, 363 N.E.2d 985, 989. Although amendments should be liberally allowed under Indiana Trial Rule 15(A), proper regard for prejudice to the non-moving party should be given. *Compare Criss,* 420 N.E.2d at 1223 (no abuse of discretion for trial court to have granted leave to amend where there is no prejudice to the other party), *with B & D Corp. v. Anderson, Clayton & Co.* (1979), 180 Ind. App. 115, 124, 387 N.E.2d 476, 482 (denial of motion to amend upheld where amendment would further complicate issues and delay resolution with the injection of a new claim).

Discretion is afforded a trial court to act in accord with what is fair and equitable in each case. *McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175, 180. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the trial court has misinterpreted the law. *Id.* "An abuse of discretion is an erroneous conclusion in judgment when clearly against the logic and effect of the facts or the reasonable, probable deductions to be drawn therefrom." *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288, 291.

The trial in the Templins' case against Fobes was five months away at the time they sought to add Rockwood. Fobes argued that the addition of a new party on a new theory would unfairly delay the trial and result in additional expense to Fobes. The trial court's order reflects that it agreed with Fobes. Inasmuch as the scheduling of civil trials is largely within the discretion of the court and the Temp-lins' claims against Rockwood were not foreclosed by the trial court's denial of their motion, the trial court did not abuse

its discretion in denying the motion.[1]

### The Templins Were Entitled to Judgment on the Pleadings

Fobes also asserts that the trial court properly denied the Templins' motion for partial judgment on the pleadings. We conclude that the Court of Appeals correctly held that the Templins were entitled to judgment because Fobes failed to name the non-party within the statutory limits.

Indiana's Comparative Fault Act, *Ind.Code Ann.* § 34–4–33–1 through § 34–4–33–13 (West Supp.1992), provides a scheme for allocating liability among persons whose negligence has contributed to an injury. Under the Act, the total fault for an accident is divided among the plaintiff, defendant, and any other negligent person who is referred to as a "nonparty." *Ind.Code* § 34–4–33–5. The burden of pleading and proving a nonparty defense is upon the defendant. *Ind.Code* § 34–4–33–10(b). One premise underlying the assignment of fault to a culpable nonparty is that the nonparty must be subject to civil liability. *Cornell Harbison Excavating, Inc. v. May* (1989), Ind., 546 N.E.2d 1186, 1187. An unidentified nonparty is not subject to civil liability. *Id.*

In *Cornell Harbison*, the plaintiff attempted to avoid striking a dog that had run into the roadway. As a result, plaintiff's automobile swerved off the roadway and struck some pipe that had been stored in a ditch. Plaintiff sued a contractor for negligent storage of the pipe. In turn, the contractor listed the "unknown owner of the dog" as a nonparty. The identity of

the owner was not known to the plaintiff or defendant and, as a result, was never named. This Court held that defendant was barred from presenting a nonparty defense at trial because the defendant had not named the nonparty in a timely manner. 546 N.E.2d at 1187. In holding that the nonparty must be identified by name before fault can be assigned to it, this Court noted that the Comparative Fault Act "sacrificed a true apportionment of damages among all tortfeasors in favor of maximizing recovery by the injured plaintiff where the nonparty cannot be identified." *Id.* at 1187. This Court also noted that the plain meaning of *Ind.Code* § 34–4–33–6 requires the disclosure of the name of the nonparty not merely a generic identification. *Id.*

Fobes attempts to distinguish this case from *Cornell Harbison* on the grounds that the Templins knew Rockwood was the nonparty. Thus, argues Fobes, because it is undisputed that the Templins had actual knowledge of the nonparty within the relevant statutory period, the purpose of *Ind. Code* § 34–4–33–10(c) has been fulfilled. Furthermore, Fobes argues, even if the trial court erred in denying the motion, the Templins were not prejudiced because they have a suit pending against Rockwood.

We are not persuaded that the rule established in *Cornell Harbison* should be different even if both sides in a dispute are aware of the identity of the nonparty. As we noted in *Cornell Harbison*, the language of the statute makes clear that the defendant has the burden of pleading a nonparty defense. A rule that shifts the burden of pleading to the plaintiff would

---

1. We note that when the Templins sought leave to add Rockwood, they were not seeking a recovery in strict liability in tort. Ultimately, however, when the Templins initiated a separate action against Rockwood, they alleged both negligence and strict liability. As the trial court noted at the hearing on the motion, practical problems arise, at least in part, because of the operation of Indiana's Comparative Fault Act, which would apply in Templins' negligence claim against Fobes but not in the Templins' strict liability claim against Rockwood. Thus, had the Templins been allowed to amend their complaint, this case might have been another example of the difficulty encountered when one of the plaintiff's claims is subject to the Comparative Fault Act but another is not. *See e.g., State v. Snyder* (1992), Ind., 594 N.E.2d 783, 786–7 (consistency of verdicts where the State is a party); *Huffman v. Monroe County Comm. School Corp.* (1992), Ind., 588 N.E.2d 1264, 1266–7 (application of the common law "Release Rule"); *State v. Schuetter* (1987), Ind.App., 503 N.E.2d 418, 421 (governmental and non-government defendants in same action). In *Snyder,* we noted that parties who find themselves faced with prosecuting or defending mixed-theory cases may file separate lawsuits or request separate trials. 594 N.E.2d at 787.

violate the plain language of the statute. Furthermore, the Templins do not concede that they knew Rockwood was the only nonparty contemplated by Fobes in his nonparty defense. A rule which shifts the burden of naming a nonparty to the party with "knowledge" could result in irrelevant, ancillary issues.

██ We hold that the trial court should not have considered the state of the Templins' knowledge in ruling on their motion for judgment on the pleadings. Instead, the court should have considered only whether the pleadings demonstrated that Fobes had timely named Rockwood as the nonparty. The pleadings reveal that Rockwood was not named by Fobes within the time allowed by *Ind. Code* § 34–4–33–6. Therefore, the Templins were entitled to judgment on the pleadings, and Fobes should not have been permitted to present a nonparty defense at trial. The prejudice to the Templins from the denial of their motion, that the jury was permitted to assign fault among three parties rather than two, requires that they receive a new trial.[2]

### Conclusion

Accordingly, we now grant transfer and vacate the opinion of the Court of Appeals. We affirm the trial court's denial of the Templins' motion for leave to amend their complaint, reverse the trial court's denial of the Templins' motion for judgment on the pleadings, and remand this matter for a new trial.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.

2. We note that even had Fobes' nonparty defense been removed from the case, the possibility exists for Fobes to argue that he was without fault because the Templins and/or Rockwood were the only proximate causes for the Templins' personal injuries.