**Ann Reyes ROBBINS, Appellant–Plaintiff,**

v.

**CANTERBURY SCHOOL, INC., et al., Appellees–Defendants.**

**No. 02A03–0312–CV–507.**

Court of Appeals of Indiana.

July 19, 2004.

Ann Reyes Robbins, Bloomington, IN, Appellant pro se.

William T. Hopkins, Jr., Mark S. Kittaka, Fort Wayne, IN, Attorneys for Appellees.

**OPINION**

KIRSCH, Chief Judge.

Ann Reyes Robbins (Mother) appeals the trial court's decision against her in her suit against Canterbury School, Inc. et al., raising several issues for review. We find the following issues dispositive:

I.   Whether the trial court erred in granting the defendants' motion to dismiss with prejudice under Ind. Trial Rule 12(B)(6) without giving Mother an opportunity to amend her complaint.

II.  Whether the trial court erred in interpreting IC 20–10.1–22.4 et seq. as not conferring on Mother the right to access the records she seeks.

We affirm.[1]

**FACTS AND PROCEDURAL HISTORY**

Mother and Jeffrey Schroeder (Father) are the divorced parents of A.R. In 1998, Mother enrolled A.R. at Canterbury School ("School"), a private school in Ft. Wayne, Indiana. A.R. attended School for several years, but in 2003, a dispute arose between School and Mother, apparently in regard to School's provision of services to help manage A.R.'s diabetes during the school day. As a result of this disagreement, the parties and their representatives exchanged a flurry of correspondence and telephone calls. These communications culminated in the School's expulsion of A.R. as of March 10, 2003. Mother and Father then met with School officials to negotiate terms for A.R.'s completion of the school year, and Mother drafted an "Agreement" memorializing the parties' discussions.

On May 11, 2003, Father filed a formal complaint with the Board of Trustees of School regarding the Agreement. The Board's investigation produced a report, of which Mother received a copy in July 2003. Mother requested copies of the underlying documents cited in the report. School provided a number of documents, but Mother, apparently not satisfied, filed her "Verified Petition to Compel Compliance with IC 20–10.1–22.4 et seq." demanding further access to A.R.'s education records. School moved to dismiss based on Ind. Trial Rule 12(B)(6). The trial court granted the motion, and Mother now appeals.

**DISCUSSION AND DECISION**

■ Mother appeals the trial court's dismissal of her claim under T.R. 12(B)(6). She first argues that the trial court improperly dismissed her petition with prejudice without affording her the opportunity to amend it. Mother is correct that when a motion to dismiss is sustained for failure to state a claim under T.R. 12(B)(6), the pleading may be amended once as of right. *Baker v. Town of Middlebury*, 753 N.E.2d

1.  The parties' pending motions to strike are hereby denied as moot.

67, 74 (Ind.Ct.App.2001), *trans. denied* (2002). However, Ind. Trial Rule 12(B)(8) explains that if, on a 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. *Benthall v. City of Evansville*, 674 N.E.2d 580, 583 (Ind.Ct.App.1996), *trans. denied* (1997); *Dixon v. Siwy*, 661 N.E.2d 600, 603 (Ind.Ct.App.1996). In such cases, all parties must be given a reasonable opportunity to present all material made pertinent to such a motion by T.R. 56. *Dixon*, 661 N.E.2d at 604.

Here, Mother submitted a number of exhibits to the trial court in opposition to the motion to dismiss and at the hearing on the motion failed to object to the trial court's consideration of matters outside the pleadings. Thus, the trial court properly treated School's motion as a motion for summary judgment and rendered judgment accordingly. There was therefore no error in not affording Mother the opportunity to amend her complaint.

In reviewing the grant or denial of a motion for summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042, 1046 (Ind.Ct.App. 2003); *Ross v. Indiana State Bd. of Nursing*, 790 N.E.2d 110, 115–16 (Ind.Ct.App. 2003). We do not weigh evidence, but will liberally construe the facts in the light most favorable to the nonmoving party. *Wilson*, 790 N.E.2d at 1046; *Ross*, 790 N.E.2d at 116. Summary judgment should be granted only when the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. T.R. 56(C); *Poznanski ex rel. Poznanski v. Horvath*, 788 N.E.2d 1255, 1258 (Ind.2003); *Reeder v. Harper*, 788 N.E.2d 1236, 1240 (Ind.2003). Accordingly, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Wilson*, 790 N.E.2d at 1046. The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Id.; Ross*, 790 N.E.2d at 116; *New Albany–Floyd County Educ. Ass'n v. Ammerman*, 724 N.E.2d 251, 256–57 (Ind.Ct.App.2000).

■■■ Mother contends that the trial court erred in interpreting IC 20–10.1–22.4 et seq., because this statute grants her the right of access to A.R.'s education records. We review the construction of statutes de novo, giving no deference to the trial court's interpretation, *S.H. v. D.H.*, 796 N.E.2d 1243, 1245 (Ind.Ct.App.2003), because the interpretation of a statute is a question of law. *Orban v. Krull*, 805 N.E.2d 450, 453 (Ind.Ct.App.2004). Appellate courts independently review the statute's meaning and apply it to the facts of the case under review. *Johnson v. Eldridge*, 799 N.E.2d 29, 34 (Ind.Ct.App. 2003), *trans. denied* (2004). We may not construe a statute in a manner that would impair the function the legislature intended it to possess. *Id.* Our goal is to ascertain the intent of the legislature by giving effect to the language that was used. *In re Commitment of Berryman*, 797 N.E.2d 820, 822 (Ind.Ct.App.2003); *S.H.*, 796 N.E.2d at 1245. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Berryman*, 797 N.E.2d at 822; *S.H.*, 796 N.E.2d at 1245. Rather, it will be given its plain, ordinary, and unbridled meaning. *Baker*, 753 N.E.2d at 70. It can be presumed that the legislature intended its language to be applied in a logical manner consistent

with the underlying policies and goals of the statute. *Id.* Further, when certain items or words are specified or enumerated in the statute, by implication other items or words not so specified are excluded. *Id.*

IC 20–10.1–22.4–2 provides:

(a) Except as provided in subsection (b), a nonpublic or public school must allow a custodial parent and a noncustodial parent of a child the same access to their child's education records.

(b) A nonpublic or public school may not allow a noncustodial parent access to the child's education records if:

(1) a court has issued an order that limits the noncustodial parent's access to the child's education records; and

(2) the school has received a copy of the court order or has actual knowledge of the court order.

IC 20–10.1–22.4–1 defines "education records" as information that is recorded by a nonpublic or public school and concerns a student who is or was enrolled in the school.

█ Mother essentially argues that because IC 20–10.1–22.4–3 defines the situations in which a school corporation may disclose the educational records of a child without a parent's consent, "[t]he implication is that parents have a right to access and may block access of others to their child's education records." *Appellant's Brief* at 13.

We see no such implication from Section 3. Instead, the statute clearly and unambiguously addresses the right of noncustodial parents to have the same access to their children's education records as received by the custodial parent. In fact, we note that the statute upon which Mother relies is entitled "Custodial and noncustodial parents; equal access; exceptions." The fact that a school may, under certain circumstances, release information contained in student education records without a parent's consent is completely irrelevant to the present controversy. Mother does not allege that she and Father have been given unequal access. Accordingly, she has no claim under IC 20–10.1–22.4–2.

█ █ Mother further argues that the trial court's erroneous interpretation interferes with her constitutional right to maintain her parent-child relationship. However, the provisions of the Fourteenth Amendment have reference to State action exclusively, and not to any action of private individuals. *United States v. Morrison*, 529 U.S. 598, 621, 120 S.Ct. 1740, 1756, 146 L.Ed.2d 658 (2000). Mother alleges no state action here, as School is a private corporation.

The trial court did not err.

Affirmed.[2]

NAJAM, J., and RILEY, J., concur.

---

2. Mother also contends that the trial court erred "by finding that individuals of a corporation may not be sued." *Appellant's Brief* at

17. In light of our resolution of the case, this argument is moot.