## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 04 2015, 8:06 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| Brenda J. Marcus<br>Merrillville, Indiana | Philip F. Cuevas<br>Litchfield Cavo LLP<br>Chicago, Illinois |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sharla C. Williams,<br><br>*Appellant- Petitioner,*<br><br>v.<br><br>TradeWinds Services, Inc., Board of Directors of TradeWinds Services, Inc., Jon Gold in his individual capacity and official capacity,<br><br>*Appellees-Respondents,* | August 4, 2015<br><br>Court of Appeals Cause No. 45A03-1406-CT-202<br><br><br>Appeal from the Lake Superior Court<br>The Honorable William E. Davis, Judge<br>Cause No. 45D05-1308-CT-152 |

**Robb, Judge.**

# Case Summary and Issue

[1] Sharla Williams has petitioned for rehearing of this court's memorandum decision in *Williams v. TradeWinds Servs., Inc.*, No. 45A03-1406-CT-202 (Ind. Ct. App., June 10, 2015). In that decision, we dismissed Williams's appeal after concluding that an untimely motion to correct error forfeited her right to appeal under Indiana Appellate Rule 9(A)(1). Williams's motion to correct error, which was filed on March 24, 2014, was filed more than thirty days after the trial court's final judgment order, which was dated February 11, 2014. However, Williams points out that the final judgment was not entered into the Chronological Case Summary ("CCS") until nearly two weeks later on February 24, 2014.[1] Under Indiana Appellate Rule 9(A)(1), it is the date of entry in the CCS that determines whether Williams's motion was timely. Consequently, we agree that Williams's motion to correct error was indeed timely and that her right to appeal was not forfeited. We therefore grant Williams's petition for rehearing and address her claims on the merits.

[2] Williams appeals the trial court's order granting summary judgment—and eventual entry of final judgment—on a number of her claims against TradeWinds Services, Inc., the TradeWinds Board of Directors, and Jon Gold (collectively, "TradeWinds"). Williams also appeals two interlocutory orders,

---

[1] We note that the Statement of the Case provided in Williams's initial Appellant's Brief states the operative date of the trial court's final judgment order as "February 11, 2014," and Williams made no mention of a later CCS entry on February 24, 2014. *See* Appellant's Brief at 4.

which were a denial of her motion to file an amended complaint, and a denial of her motion for preservation of evidence. Williams raises the following issues for our review: (1) whether the trial court erred by treating TradeWinds's motion to dismiss as a motion for summary judgment after the parties submitted materials outside of the pleadings; (2) whether the trial court erred by directing the entry of final judgment on several of Williams's claims; (3) whether the trial court abused its discretion by denying Williams's motion to amend her complaint; and (4) whether the trial court abused its discretion by denying Williams's motion for an order to preserve evidence. Concluding Williams has failed to demonstrate that the trial court erred, we affirm.

# Facts and Procedural History

[3] We recounted the following facts and procedural history in our previous opinion:

> Williams began working for TradeWinds in 1999. In the fall of 2009, TradeWinds became suspicious that Williams had improperly taken money from a customer account and initiated an investigation of the matter. In November 2009, Williams resigned from TradeWinds.
>
> In March 2010, Williams was criminally charged with theft and exploitation of a dependent, both Class D felonies. However, those charges were later dismissed. Also in 2010, Williams filed an action against TradeWinds in the United States District Court for the Northern District of Indiana. A third amended complaint was filed in that action, which alleged federal claims of race discrimination and sex discrimination, in addition to a number of state law claims. On March 4, 2013, the district court dismissed Williams's federal claims and declined to retain jurisdiction over her state law claims.

On April 2, 2013, Williams commenced this action. Her complaint consisted of eleven counts: (1) wrongful discharge; (2) intentional interference with employment; (3) intentional infliction of emotional distress; (4) negligence; (5) defamation; (6) defamation per se; (7) intentional fraudulent misrepresentation; (8) false imprisonment; (9) malicious prosecution; (10) malicious prosecution; and (11) breach of duty. On May 20, 2013, TradeWinds filed a motion to dismiss Williams's complaint. On July 8, 2013, Williams filed both a motion to amend her complaint and a memorandum in opposition to TradeWinds's motion to dismiss. On August 8, 2013, Williams filed an amended memorandum in opposition of TradeWinds's motion to dismiss. In arguing the issues raised in TradeWinds's motion to dismiss, both parties submitted, referenced, and relied upon additional exhibits outside the pleadings. On October 15, 2013, the trial court issued an order on TradeWinds's motion to dismiss; the trial court noted that the motion was treated as one for summary judgment because facts outside of the pleadings were presented for the trial court's consideration. The trial court granted summary judgment to TradeWinds on Counts 1, 2, 3, 4, 7, and 11. On the same day, the trial court also issued an order denying Williams's motion to amend her complaint, stating that she failed to submit a proposed amended complaint for the trial court's review.

On November 22, 2013, the trial court denied a motion filed by Williams seeking a court order for TradeWinds to preserve certain documents that Williams believed were relevant for discovery purposes. The Court denied Williams's motion because Williams did not previously seek to have the documents produced through discovery.

On December 9, 2013, TradeWinds filed a motion requesting that the trial court enter final judgment on the Counts for which the trial court granted summary judgment. On February 11, 2014, the trial court granted TradeWinds's motion and entered final judgment pursuant to Indiana Trial Rules 54(B) and 58. On March 24, 2014, Williams filed a motion to correct error, which the trial court denied on May 9, 2014.

*Williams*, slip op. at 2-4. Additionally, on April 11, 2014, Williams filed

another motion to amend her complaint, seeking to reassert the same claims on

which the trial court entered final judgment.  On June 5, 2014, the trial court denied her motion to amend.

# Discussion and Decision

## I. Motion to Dismiss Treated as Summary Judgment

[4] First, Williams challenges the trial court's decision to treat TradeWinds's motion to dismiss as a motion for summary judgment.  Specifically, Williams contends she was not provided with adequate notice that the motion would be treated as one for summary judgment.

[5] Regarding the treatment of a motion to dismiss as one for summary judgment, Indiana Trial Rule 12(B) provides in pertinent part:

> If, [on a motion under Indiana Trial Rule 12(B)(6)], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.  In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

"The trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced." *Azhar v. Town of Fishers*, 744 N.E.2d 947, 950 (Ind. Ct. App. 2001) (citing *Ayres v. Indian Heights Volunteer Fire Dep't*, 493 N.E.2d 1229, 1233 (Ind. 1986)).

Here, both TradeWinds *and Williams* submitted materials outside the pleadings and referenced those materials in their briefing on TradeWinds's motion to dismiss. Consequently, Williams was fully aware that the trial court was considering materials outside the pleadings and was required by Trial Rule 12(B) to treat TradeWinds's motion as one for summary judgment. Therefore, the trial court did not commit reversible error.[2]

## II.    Entry of Final Judgment

Second, Williams challenges the trial court's decision to enter final judgment on several claims pursuant to Trial Rule 54(B), which provides that the trial court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." However, Williams's argument on this point is restricted to a single sentence alleging that TradeWinds requested entry of final judgment "to cut off the plaintiff's right to amend her complaint." Appellant's Brief at 18. Williams offers no support for her allegation of bad faith, nor does she provide any relevant legal analysis. Indiana Appellate Rule 46(A)(8) requires a party's brief to support her contentions with cogent reasoning and citation to the record and relevant legal authorities. Failure to comply with the requirements of the

---

[2] Williams also argues on appeal that the trial court erred by denying her motion to correct error, restating her claim that the trial court improperly ruled upon TradeWinds's motion to dismiss as a motion for summary judgment. For the same reason that the trial court's conversion of TradeWinds's motion was not error, the trial court likewise did not commit error by denying Williams's motion to correct error.

appellate rule results in forfeiture of an argument on appeal. *Reed v. Reid*, 980 N.E.2d 277, 296-97 (Ind. 2012). Williams has failed to properly develop her challenge to the trial court's entry of final judgment, and thus the issue is forfeited.

## III. Williams's Motion to Amend Complaint

[8] Next, Williams contends the trial court abused its discretion by denying her requests to amend her complaint. "The trial court has broad discretion when deciding whether to permit amendments to pleadings." *Templin v. Fobes*, 617 N.E.2d 541, 543 (Ind. 1993). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* We consider several factors in determining whether a trial court's decision on a motion to amend is an abuse of discretion, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment." *Hilliard v. Jacobs*, 927 N.E.2d 393, 398 (Ind. Ct. App. 2010) (citation omitted), *trans. denied*.

[9] Frankly, Williams's briefing on this issue is quite confusing, and it is not clear on what basis she argues an amendment to her complaint should have been

granted.[3]  At the outset, we observe that Williams did not have a *right* to amend her complaint under Trial Rule 12(B), which provides that a "pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order [of dismissal pursuant to Rule 12(B)(6).]" Because TradeWinds's motion to dismiss was properly treated as a motion for summary judgment, Williams was not entitled to amend her complaint as a matter of right.  *See Robbins v. Canterbury School, Inc.*, 811 N.E.2d 957, 960 (Ind. Ct. App. 2004).

[10]  As to Williams's first attempt to amend her complaint, the trial court denied that request after noting that Williams failed to include a proposed amended complaint with her motion.  At that point, the trial court had no reason to believe that allowing Williams to amend her complaint would have an effect on the validity of her claims.  Thus, we cannot conclude that the trial court's denial of that motion was an abuse of discretion.

[11]  Williams's second motion to amend her complaint did not come until a full two months after the trial court entered final judgment on the claims she sought to amend.  This court has previously said that after final judgment has been entered on a claim, "there is nothing left to amend."  *Leeper Elec. Servs., Inc. v.*

---

[3] Williams's reply brief contains a section dubbed "Plaintiff is Entitled to Amendment of Her Complaint." Appellant's Reply Br. at 3.  But despite spanning a full thirteen pages of the brief, that section fails to include a single sentence seemingly relevant to her motion to amend her complaint; instead, the section is a tirade of incoherent accusations that TradeWinds has acted outrageously and engaged in vexatious litigation.  *Id.* at 3-16.

*City of Carmel*, 847 N.E.2d 227, 231 (Ind. Ct. App. 2006), *trans. denied*. Additionally, Williams had four months after the entry of summary judgment during which time she could have filed a motion to amend her complaint prior to final judgment, but she did not. And even if the entry of final judgment did not preclude amendment of Williams's complaint, she has failed to carry her burden on appeal that justice would require amendment and that the amendment would not be futile. *See* Ind. Trial Rule 15(A); *Hilliard*, 927 N.E.2d at 398. We conclude the trial court did not abuse its discretion by denying Williams's motion to amend her complaint.

# IV.  Motion to Preserve Evidence

[12] Finally, Williams argues the trial court erred by denying her motion for an order to preserve evidence. The trial court denied her motion due to her failure to previously seek production of the documents and to fulfill the requirements set forth in Indiana Trial Rule 26(F).

[13] To the extent that Williams's motion is related to the preservation of evidence relevant to those counts on which the trial court entered final judgment, the issue is moot because we have concluded the trial court did not abuse its discretion by entering final judgment on those counts in favor of TradeWinds. On the other hand, insofar as the motion relates to the preservation of evidence relevant to Williams's remaining claims, the trial court's decision is an interlocutory order over which this court does not presently have jurisdiction. *See* Ind. Appellate Rule 5 and 14.

# Conclusion

We conclude the trial court did not err by treating TradeWinds's motion to dismiss as a motion for summary judgment; entering final judgment on several of Williams's claims; denying Williams's motion to amend her complaint; or denying Williams's motion for an order to preserve evidence. Therefore, we grant Williams's petition for rehearing and affirm the trial court's decision.

Affirmed.

Bailey, J., and Brown, J., concur.