DALLAS BAKER *v.* BERNARD SIHSMANN, NANCY S. SIHSMANN AND B. DWAYNE SIHSMANN.

[No. 1-1273A210. Filed August 14, 1974. Rehearing denied September 5, 1974. Transfer denied May 28, 1975.]

*John T. Sharpnack, Sharpnack, Bigley & David,* of Columbus, for appellant.

*Cline, King & Beck,* of Columbus, for appellees.

ROBERTSON, P.J.—The defendant-appellant Baker, a nonresident motorist, is appealing from a default judgment taken against him by the plaintiff-appellees, the Sihsmanns.

The several issues involve the computation of time for a nonresident motorist served process pursuant to the Indiana

Nonresident Motorist Statute, IC 1971, 9-3-2-1 (Burns Code Ed.). Under the facts of the case we reverse and remand.

The facts show Sihsmanns filing suit on May 30, 1973, against Baker for damages arising from an auto accident. The Sihsmanns elected to serve Baker through the Indiana Secretary of State, who received the summons on the 1st of June. The Secretary of State's office mailed it to Baker on the 4th of June. Baker received the summons on the 11th of June. The Sihsmanns defaulted Baker on the 3rd of July and took judgment against him two days later. Baker appeared by counsel on the 20th of July.

The summons sent to Baker was a printed form which, inter alia, stated he had twenty days, beginning the day after receipt, to respond to the complaint. It is that wording which we believe violates 14th Amendment due process as Baker contends.

The adequacy of due process in a substituted service of process situation is described as being:

". . . dependent on whether or not the form of substituted service provided . . . is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice (citations omitted) implicit in due process are satisfied." *Milliken* v. *Meyer* (1940), 311 U.S. at 463.

We acknowledge the propriety of Sihsmann's argument that service by means of the Indiana Nonresident Motorist Statute does not necessarily violate 14th Amendment due process. That position may have prevailed in this appeal had the wording of the summons, for example, advised Baker that time to respond would be computed from the day after service on his agent, the Secretary of State. However, the effect of the summons was to mislead Baker regarding the time to respond to the complaint.

Baker next argues that in addition to the twenty days specified in the summons he is also entitled to an additional

three days because the summons was served by mail (I.R.T.P. 6[E]) as well as one additional day because the twenty-third day fell on the 4th of July (I.R.T.P. 6[A][3]). This additional time would allow Baker until the close of business on the 5th of July to appear.

The Sihsmanns argue that mailing was not involved because service was complete when the Secretary of State was personally served by the Marion County Deputy Sheriff.

While both arguments have merit we believe the better rule, under the facts of the case, would be allowing the additional three days to Baker. The language of TR. 6(E) leaves the impression that its application is automatic whenever the mails are utilized in serving process. This is borne out to some degree by Justice Arterburn's statement in *State ex rel. Sargent & Lundy* v. *Vigo Superior Court* (1973), 260 Ind. 472, 296 N.E.2d 785 that ". . . Trial Rule 6(E) very clearly provides an additional three (3) days if reliance is placed on the mail to give notice". 296 N.E.2d at 786.

Having held that Baker was entitled to the twenty-three days we further believe the application of TR. 6(A) is also applicable.

Our conclusion, therefore, is because of the wording contained in the summons addressed to Baker, the entry of default against him was premature and should be set aside. We reverse and remand for further action not inconsistent with this opinion.

Judgment reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 315 N.E.2d 386.