**Rex JENNINGS, Appellant–Defendant,**

v.

**Pamela S. DAVIS, Appellee–Plaintiff.**

**No. 35A05–9311–CV–419.**

Court of Appeals of Indiana,
Fifth District.

Jan. 4, 1995.

P. Robert Dawalt, Jr., Marion, for appellant.

BARTEAU, Judge.

By published opinion, we dismissed Jennings appeal because the praecipe was filed one day late. *Jennings v. Davis* (1994), Ind. App., 634 N.E.2d 810. Jennings petitions for rehearing on the following grounds:

(1) the time period for timely filing the praecipe was extended three days pursuant to Trial Rule 6 because he received notice of the trial court's judgment by mail;

(2) because this court prefers hearing cases on the merits, he should be allowed to pursue his appeal given that another praecipe he mailed to the trial court for filing in the same envelope and under the same cover letter as the praecipe for this case was file-stamped by the trial court one day prior to the praecipe in this case. Thus, the praecipe for this case must have reached the trial court for filing in a timely manner.

### Ind. Trial Rule 6(E)

Jennings asserts that the trial court's judgment was "necessarily mailed since the decision by the court was not made in open court." [1] Assuming that it was mailed, there is no merit to Jennings argument that he was entitled to a three day extension of the time for filing his praecipe. T.R. 6(E) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him by mail, three [3] days shall be added to the prescribed period.

As was stated in. *Annon II, Inc. v. Rill* (1992), Ind.App., 597 N.E.2d 320, 324:

> The three day provision of T.R. 6(E) applies only when a party has a right or is required to do some act within a prescribed period "after the service of notice" upon the party. T.R. 6(E). *See e.g.,* Ind.Trial Rule 6(C) (responsive pleading required to be served "within 20 days *after the service* of the prior pleading"); Ind.Trial Rule 33(C) (responses to interrogatories due "not less than thirty (30) days *after service* thereof"); Ind.Trial Rule 56(C) (adverse party has "thirty days *after service* of the motion to serve a response and any opposing affidavits").

In that case, this court held that T.R. 6(E) did not apply to filing a motion for change of venue under T.R. 76(2) because the prescribed time for that motion does not commence running "after the service of notice or other paper" upon a party. "Rather, a party must file a motion for change of venue 'not later than ten [10] days after the issues are first closed on the merits,' not within ten days of the service of an answer.... It is the filing of the answer which triggers the running of the ten day rule and not notice thereof." *Annon II*, 597 N.E.2d at 324.

■ Likewise, Ind. Appellate Rule 2(A) provides that the "praecipe shall be filed within thirty (30) days after the *entry* of a final judgment...." (Emphasis added). The trial court's entry of the judgment triggers the running of the thirty day rule, not service of notice to the parties of the judgment. Thus, Jennings was not entitled to the benefits of T.R. 6(E).

### Extenuating Circumstances

Relying on cases where this court reviewed an appeal on the merits even though appellee was served with appellant's brief one day late, Jennings urges us to review this appeal on the merits because no one has been prejudiced by the one day delay in filing. Clearly there is a difference between the jurisdictional requirement of timely filing a praecipe and the requirement that appellant timely serve appellee with a copy of the brief. Untimely filing of a brief merely *subjects* an appeal to dismissal. App.R. 8.1(A). The reviewing court retains discretion whether to dismiss the appeal depending on the particular circumstances. *Meyer v. Northern Ind. Bank and Trust Co.* (1986), Ind.App., 490 N.E.2d 400.

■ However, this court does have the inherent power to exercise jurisdiction of an appeal that has not been timely initiated or perfected. *Claywell v. Review Bd. of Ind. Dep't of Employment and Training Serv.* (1994), Ind., 643 N.E.2d 330; *Costanzi v. Ryan* (1977), 174 Ind.App. 454, 368 N.E.2d 12. This inherent power is exercised in rare and exceptional cases, such as matters of great public interest or where extraordinary circumstances exist. *Claywell*, 643 N.E.2d at 331. Generic grounds such as lack of prejudice to the opposing party or lack of disad-

---

**1.** Jennings also asserts that it is not clear from the record whether the judgment was entered on August 13, 16, or 18. However, it is clear that the date on the order is the 16th and the chronological case summary shows that judgment was entered on August 16, 1993.

vantage to the reviewing court are not enough. *Id.* at 331.

 The circumstances here are that Jennings, by counsel, mailed his praecipe to the clerk under cover of a letter dated September, 13, 1993. Included with the praecipe for this case was a praecipe for another case Jennings was involved in. The praecipe for the other case was file-marked September 15, 1993, while the praecipe for this case was file-marked September 16, 1993. There is no explanation for why the praecipes were filed on two different dates. If the praecipe for this case had also been file-marked September 15, 1993, it would have been timely filed.

This is a peculiar circumstance indeed. However, we cannot call it an extraordinary circumstance given that the trial rules are designed to protect against just this type of occurrence. T.R. 5(E) provides:

> The filing of pleadings, motions, and other papers with the court ... shall be made by one of the following methods:
>
> \* \* \* \* \* \*
>
> (3) Mailing to the clerk *by registered or certified mail return receipt requested;*
>
> \* \* \* \* \* \*

Filing by registered or certified mail shall be complete upon mailing.

Counsel for Jennings did not mail his praecipe to the clerk by registered or certified mail. If he had done so, the praecipe would have been timely filed on September 13, 1993. We will not use our inherent power to exercise jurisdiction where an appeal has not been timely initiated due entirely to counsel's failure to properly file the praecipe by mail. In fact, we see no excuse for counsel's failure to mail the praecipe by registered or certified mail.

The petition for rehearing is denied.

FRIEDLANDER, J., concurs.

RUCKER, J., concurs with opinion.

RUCKER, Judge, concurring.

I dissented in the original disposition of this case. However, I am compelled to concur today because of our Supreme Court's recent decision in *Claywell v. Review Bd. of*

*Ind. Dep't of Employment and Training Serv.* (1994), Ind., 643 N.E.2d 330.