ATTORNEY FOR APPELLANT
Deborah A. Kapitan
Kopka, Pinkus & Dolin, P.C.
Crown Point, Indiana

ATTORNEY FOR APPELLEE
Edward P. Grimmer
Edward P. Grimmer, P.C.
Crown Point, Indiana

# In the
# Indiana Supreme Court

No. 45S04-0412-CV-528

MARK E. MCDILLON,

*Appellant (Counter Plaintiff below),*

v.

NORTHERN INDIANA PUBLIC
SERVICE COMPANY,

*Appellee (Counter Defendant below).*

Appeal from the Lake Superior Court, No. 45D08-0010-CP-4436
The Honorable Sheila Moss, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 45A04-0305-CV-237

**February 8, 2006**

**Dickson, Justice.**

We granted transfer in this case to address the application of Indiana Trial Rule 6(E). The Court of Appeals, reversing because of a jury instruction error, remanded for a new jury trial after applying Rule 6(E) to extend by three days the commencement of the ten-day period for filing a request for jury trial and thus rejecting a challenge to the timeliness of the defendant's jury demand. McDillon v. N. Ind. Pub. Serv. Co., 812 N.E.2d 152 (Ind. Ct. App. 2004). We reach the same outcome, but on grounds other than Rule 6(E).

In this damage action by Northern Indiana Public Service Company (NIPSCO) against the defendant Mark E. McDillon, whose automobile collided with a utility pole, the trial court initially entered a default judgment for NIPSCO, but later granted McDillon's motion to set aside the default. A jury trial ensued, resulting in a verdict and judgment in favor of NIPSCO for $12,440.29. McDillon appealed, and NIPSCO raised issues on cross-appeal. Finding error in the jury instructions, the Court of Appeals reversed and remanded. As to the issues other than Trial Rule 6(E), we summarily affirm the decision of the Court of Appeals. Ind. Appellate Rule 58(A)(2).

In its order of May 15, 2001, granting McDillon's motion to set aside the default judgment, the trial court did not specify any date by which McDillon was to file an answer or other responsive pleading. Appellant's Supplemental App'x at 11. Rule 6(C) requires a responsive pleading to be served within twenty days "after service of the prior pleading." On June 4, 2001, twenty days after the order setting aside the default, McDillon filed a motion for enlargement of time to file his responsive pleading. McDillon was "granted until June 18, 2001 to file an answer to [NIPSCO's] complaint." Appellee's App'x at 19.

Indiana Trial Rule 38(B) specifies that where, as here, no responsive pleading is yet filed, a party's written request for jury trial must be filed "within ten (10) days after the time such pleading otherwise would have been required." The Chronological Case Summary (CCS) records that McDillon filed his request for jury trial on June 29, 2001, eleven days after June 18, when his answer was due. Appellant's Suppl. App'x at 3. In ruling upon NIPSCO's motion to strike the jury demand as untimely, however, the trial court noted "a crucial dispute as to whether the jury demand was filed on June 28, 2001 or June 29, 2001," and found that McDillon "was granted until June 18, 2001, to file an answer," and "that since the demand was made by certified mail dated June 28, 2001, . . . the demand was made on June 28, 2001 when the demand was mailed pursuant to Trial Rule 5(E) [sic] of the Indiana Rules of Trial Procedure." Appellee's App'x at 19. We assume that the reference to Rule 5(E) was a scrivener's error, and that the trial court intended Rule 5(F), which states that "[f]iling by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit." Ind. Trial Rule 5(F).

2

The Court of Appeals also concluded that the jury demand was timely, but did so by applying Trial Rule 6(E) to the court's mailed order setting aside the default judgment to conclude that "the time within which McDillon's responsive pleading was due was extended by three days." McDillon, 812 N.E.2d at 158. Trial Rule 6(E) was not discussed by the parties in this appeal, nor utilized by the trial court. The reason this rule was not presented as an issue on appeal is suggested by the record presented on appeal. It does not provide support for the assumption that McDillon's time to file a responsive pleading was necessarily extended by three days. The appendices filed by the parties do not include either McDillon's June 4, 2001, motion for enlargement of time nor the order granting the motion. All we have is an entry on the CCS stating: "Deft. files Mtn for Two Week Enlargement. RJO." Appellant's Supp. App'x at 3. We cannot definitively ascertain whether the trial court extended McDillon's response time for a period of time (the commencement of which would relate to the prior deadline) or to a date certain. The latter seems more likely, however, because of the trial court's July 25, 2001, order denying NIPSCO's motion to strike McDillon's jury demand, wherein the court explicitly stated: "The defendant was granted until June 18, 2001 to file an answer to Plaintiff's complaint." Appellee's App'x at 19. In any event, because the defendant's jury trial demand was filed by certified mail on June 28th, it was filed within ten days of the date by which the defendant was required to file its answer.

We granted transfer, however, to resolve an apparent conflict among Indiana cases regarding the application of Rule 6(E) and its automatic three-day extension of time when court orders are mailed. The rule states:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

The question is whether the rule properly applies to extend the commencement of deadlines following all court orders, including those deadlines triggered by the entry of an order or happening of an event, or only by those deadlines that are triggered by service of a court order.

In Lincoln v. Bd. of Comm'rs of Tippecanoe County, 510 N.E.2d 716, 724 (Ind. Ct. App. 1987), *trans. not sought*, the rule was applied to add three additional days to the period pre-

scribed by Indiana Code § 36-2-2-27, which requires an appeal from an executive decision of the County Commissioners to "be taken within thirty (30) days *after the executive makes the decision.*" Ind. Code § 36-2-2-27(c) (2000). The court stated that Rule 6(E) provides for three additional days to be added whenever "notice of the right is served upon the aggrieved party by mail." Lincoln, 510 N.E.2d at 724. Language found in State ex rel. Sargent & Lundy v. Vigo Superior Court, 260 Ind. 472, 474, 296 N.E.2d 785, 786 (1973), *trans. not sought*, expresses the same idea: "Trial Rule 6(E) very clearly provides an additional three (3) days if reliance is placed on the mail to give notice." This language was quoted and applied in Baker v. Sihsmann, 161 Ind. App. 260, 262, 315 N.E.2d 386, 387 (1974), *trans. denied*, and it was cited in Yaksich v. Gastevich, 440 N.E.2d 1138, 1140 n.5 (Ind. Ct. App. 1982), *trans. not sought*.

In contrast, several cases have explicitly limited the application of Rule 6(E) to delay the commencement of a time period only to circumstances where such period is triggered by the receipt of service or notice. *See, e.g.*, Carter-McMahon v. McMahon, 815 N.E.2d 170, 174-78 (Ind. Ct. App. 2004), *trans. not sought*; Jennings v. Davis, 645 N.E.2d 23, 24 (Ind. Ct. App. 1995), *trans. not sought*; Annon II, Inc. v. Rill, 597 N.E.2d 320, 324-25 (Ind. Ct. App. 1992), *trans. not sought.* As emphasized by Chief Judge Ratliff in Annon, "the three day extension of provision T.R. 6(E) only applies when a party has a right or is required to do some act within a prescribed period 'after the service of a notice' upon the party." *Id.* at 324 (quoting T.R. 6(E)). As a result, Rule 6(E) was held not to extend a time period that commenced when "issues were first closed on the merits" rather than upon service of an answer. *Id.* at 325. The Annon court noted several examples of time periods to which Rule 6(E) would apply:

> Ind. Trial Rule 6(C) (responsive pleading required to be served "within 20 days *after the service* of the prior pleading"); Ind. Trial Rule 33(C) (responses to interrogatories due "not less than thirty (30) days *after service* thereof"); Ind. Trial Rule 56(C) (adverse party has "thirty days *after service* of the motion to serve a response and any opposing affidavits").

*Id.* at 324.

Upon further analysis, this understanding is consistent with the actual holdings in several of the cases noted above as generally applying Rule 6(E) without articulating its limitation to time periods triggered by the service of documents. In Baker, Rule 6(E) was applied to extend

4

the twenty-day response period declared in a summons to begin the day after receipt of the summons.  161 Ind. App. at 262, 315 N.E.2d at 387.  And in <u>Yaksich</u>, the court extended by three days the twenty day period "after notice of the order" allowed for complying with an order granting a motion to strike pursuant to Indiana Trial Rule 12(E).  440 N.E.2d at 1139 n.2.  Even in <u>Sargent & Lundy</u>, Rule 6(E) was applied to then-existing Indiana Trial Rule 76(9), which required action by the parties within up to fourteen days after the trial court submits a written list of adjoining counties.  260 Ind. at 474, 296 N.E.2d at 786.  Thus, except for <u>Lincoln</u>, all the above cases have provided a three-day extension under Rule 6(E) in a manner consistent with the rule's express language limiting its application to situations when "a party has the right or is required to do some act or take some proceedings within a prescribed period *after the service of a notice or other paper* upon him and the notice or paper is served upon him by mail."  T.R. 6(E) (emphasis added).

We hold that, consistent with <u>Carter-McMahon</u>, <u>Jennings</u>, and <u>Annon</u>, the application of Trial Rule 6(E) applies only when a party has a right or is required to do some act within a prescribed period after the service of a notice or other paper.  It does not apply to extend periods that are triggered by the mere entry of the order or the happening of an event other than the service of notice or other paper.

As noted above, the trial court's determination that the jury trial demand was timely did not involve application of a three-day extension under Rule 6(E), but rather the date-of-mailing provision of Rule 5(F).  And Rule 6(E) was not raised by either party in this appeal.

NIPSCO's arguments on cross-appeal challenge the timeliness of McDillon's jury trial demand not as measured from the date of the trial court's ruling setting aside the default, but from the date of the filing of the original complaint before the default judgment was taken.  NIPSCO argues that, based on the date he was served with the summons and complaint, McDillon's answer or responsive pleading was due by October 28, 2000, and any jury trial demand was thus required by November 7, 2000.  NIPSCO alternatively argues that, because the issues are deemed closed upon the entry of a default, which occurred here on November 2, 2002, McDillon's ten-day period to demand a jury trial expired on November 12, 2000.  Appellee's Br. at 30.

5

McDillon's jury trial request was not filed by either November 7 or November 12. NIPSCO argues that because the right to jury trial had not been timely exercised, it could not be revived by the setting aside of the default judgment. *Id.* at 31.

As correctly noted by the Court of Appeals, when a default judgment is set aside, to determine the due dates for subsequent pleadings, the complaint is treated as if it had been filed on the date of the order setting aside the default judgment. McDillon, 812 N.E.2d at 158 (citing Wright v. Paraservices, Inc., 726 N.E.2d 1263, 1265 (Ind. Ct. App. 2000)). Thus the period within which McDillon could properly file a jury trial demand expired on June 28, 2001, ten days after his responsive pleading was due. By mailing his written demand for jury trial by certified mail on June 28, even though it was not received by the court clerk until the following day, McDillon's jury trial request was timely filed.

While we granted transfer to clarify the application of Trial Rule 6(E), such analysis is not determinative in this case. We conclude that the trial court correctly found McDillon's jury trial demand to be timely pursuant to Trial Rule 5(F). In all other respects, the opinion of the Court of Appeals is summarily affirmed. This cause is remanded accordingly.

Shepard, C.J., and Boehm, and Rucker, JJ., concur. Sullivan, J., concurs and dissents with separate opinion.

6

**Sullivan, Justice, concurring and dissenting.**

I concur in the Court's opinion in respect of the application of Ind. Trial Rule 6(E). I respectfully dissent, however, from the Court's summarily affirming the decision of the Court of Appeals that reversed the jury's verdict in favor of the plaintiff in this case.

The trial in this case was over whether the defendant was liable to the plaintiff for damage as a result of the plaintiff's vehicle colliding with the plaintiff's property. The plaintiff's defense was that his vehicle had been stolen from a gas station while he was inside buying a cup of coffee. The jury awarded the plaintiff approximately $12,000. The Court of Appeals found reversible error in the trial court's instruction on the law of comparative fault.

Indiana comparative fault law permits a defendant to argue that the damages claimed by the plaintiff "were caused in full or in part by a nonparty." Ind. Code § 34-51-2-14 (2004). In Cornell Harbison Excavating, Inc. v. May, 546 N.E.2d 1186, 1186 (Ind. 1989), this Court held that a party asserting the "Comparative Fault Act's nonparty defense must specifically name [the] nonparty."

> The part of the instruction the Court of Appeals found erroneous said:
>
> > The Defendant claims that his car was stolen and has the burden of proving that by a preponderance of the evidence:
> >
> > the name and identity of that [nonparty], sufficiently so that the person could have been joined as a defendant
> >
> > If you conclude that there was a [nonparty] at fault, you will be requested to identify that person by name on your verdict form, and assign a percentage of fault against that [nonparty]. If the [nonparty] cannot be identified, the jury cannot assign a percentage of fault against the [nonparty].

McDillon v. N. Ind. Pub. Serv. Co., 812 N.E.2d 152, 156 (Ind. Ct. App. 2004) (emphasis in original).

It seems to me that the instruction the trial court gave was entirely faithful to the Com-

parative Fault Act and to <u>Cornell Harbison</u>. The defendant contended that the damages claimed by the plaintiff were caused in full by a nonparty, <u>i.e.</u>, the thief, and so was required to name the nonparty specifically. Indeed, the <u>Cornell Harbison</u> case was a lot like this one. There the plaintiffs sued the defendant for damage as a result of the plaintiffs' vehicle colliding with the defendant's property; the defendant argued that the unknown owner of a dog that had run into plaintiffs' way caused the damages. 546 N.E.2d at 1186. We said that for the defendant to assert that the dog's owner was at fault, the dog's owner had to be named specifically. <u>Id.</u> at 1187. That is what the trial court did here: require that for the defendant to assert that the thief was at fault, the thief had to be named specifically.

The Court of Appeals said the trial court was wrong to give this instruction because the defendant's "thief" defense was not a nonparty defense, it was a proximate cause defense. <u>McDillon</u>, 812 N.E.2d at 156. Although the Court of Appeals does not say so, the import of its holding is that if a defendant asserts that the damages claimed by the plaintiff were proximately caused by a person other than the defendant, the defendant is not required to name that other person specifically. This might well be the sensible rule but it seems to me to lie in highly uneasy tension with the rule of <u>Cornell Harbison</u>, which says, to repeat that if a defendant asserts that the damages claimed by the plaintiff were caused in full or in part by a person other than the defendant, the defendant is required to name that other person specifically.

I think this tension will create great uncertainty for plaintiffs, defendants, and trial court judges.[1] For this reason, I think we should not summarily affirm the decision of the Court of Appeals on this point but instead address the merits and explain when a defendant who asserts that a person other than the defendant has caused the plaintiff's damages is required to name that other person and when not.

---

[1] This tension and uncertainty was predicted by a law journal student note that appeared shortly after the adoption of the Comparative Fault Act. <u>See</u> Peter H. Pogue, Note, <u>The Apportionment of Fault to Unidentifiable Tortfeasors Under Indiana's Comparative Fault Statute: What's in a Name?</u>, 23 Val. U. L. Rev. 413 (1989). Mr. Pogue's prescient article even poses as a hypothetical the precise problem of this case: how to satisfy the statute's naming requirement when the nonparty is an unidentified car thief. <u>Id.</u> at 441 n. 215.