SULLIVAN, Justice,
concurring and dissenting.
I concur in the Court's opinion in respect of the application of Ind. Trial Rule 6(E). I respectfully dissent, however, from the Court's summarily affirming the decision of the Court of Appeals that reversed the jury's verdiet in favor of the plaintiff in this case. |
The trial in this case was over whether the defendant was liable to the plaintiff for damage as a result of the plaintiff's vehicle colliding with the defendant's property. The plaintiff's defense was that his vehicle had been stolen from a gas station while he was inside buying a cup of coffee. The jury awarded the plaintiff approximately $12,000. The Court of Appeals found reversible error in the trial court's instruction on the law of comparative fault.
Indiana comparative fault law permits a defendant to argue that the damages claimed by the plaintiff "were caused in full or in part by a nonparty." Ind.Code § 34-51-2-14 (2004). In Cornell Harbison Excavating, Inc. v. May, 546 N.E.2d 1186, 1186 (Ind.1989), this Court held that a party asserting the "Comparative Fault Act's nonparty defense must specifically name [the] nonparty."
The part of the instruction the Court of Appeals found erroneous said:
The Defendant claims that his car was stolen and has the burden of proving that by a preponderance of the evidence:
the name and identity of that Inonparty], sufficiently so that the person could have been joined as a defendant
If you conclude that there was a [non-party] at fault, you will be requested to identify that person by name on your verdict form, and assign a percentage of fault against that [nonparty]. If the [non-party] cannot be identified, the jury cannot assign a percentage of fault against the [nonparty].
McDillon v. N. Ind. Pub. Serv. Co., 812 N.E.2d 152, 156 (Ind.Ct.App.2004) (emphasis in original).
It seems to me that the instruction the trial court gave was entirely faithful to the Comparative Fault Act and to Cornell Harbison. The defendant contended that the damages claimed by the. plaintiff were caused in full by a nonparty, i.e., the thief, and so was required to name the nonparty specifically. Indeed, the Cornell Harbison case was a lot like this one. There the plaintiffs sued the defendant for damage as a result of the plaintiffs' vehicle colliding with the defendant's property; the defendant argued that the unknown owner of a dog that had run into plaintiffs' way caused the damages. 546 N.E.2d at 1186. We said that for the defendant to assert that the dog's owner was at fault, the dog's owner had to be named specifically. Id. at 1187. That is what the trial court did here: require that for the defendant to assert that the thief was at fault, the thief had to be named specifically.
The Court of Appeals said the trial court was wrong to give this instruction because the defendant's "thief" defense was not a nonparty defense, it was a proximate cause defense. McDillon, 812 N.E.2d at 156. Although the Court of Appeals does not say so, the import of its holding is that if a defendant asserts that the damages claimed by the plaintiff were proximately caused by a person other than the defendant, the defendant is not required to name that other person specifically. This might well be the sensible rule but it seems to me to lie in highly uneasy tension with the rule of Cornell Harbison, which says, to repeat that if a defendant asserts that the damages claimed by the plaintiff *1154 were caused in full or in part by a person other than the defendant, the defendant is required to name that other person specifically.
I think this tension will create great uncertainty for plaintiffs, defendants, and trial court judges.[1] For this reason, I think we should not summarily affirm the decision of the Court of Appeals on this point but instead address the merits and explain when a defendant who asserts that a person other than the defendant has caused the plaintiff's damages is required to name that other person and when not.

. This tension and uncertainty was predicted by a law journal student note that appeared shortly after the adoption of the Comparative Fault Act. See Peter H. Pogue, Note, The Apportionment of Fault to Unidentifiable Tort-feasors Under Indiana's Comparative Fault Statute: What's in a Name?, 23 Val. U.L.Rev. 413 (1989). Mr. Pogue's prescient article even poses as a hypothetical the precise problem of this case: how to satisfy the statute's naming requirement when the nonparty is an unidentified car thief. Id. at 441 n. 215.