# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ROSEMARY L. BOREK**
Stephenson Morow & Semler
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JOHN H. HASKIN**
**RYAN P. SINK**
Indianapolis, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FAYETTE COUNTY BOARD OF COMMISSIONERS, | ) | |
| | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 21A04-1208-PL-434 |
| | ) | |
| HOWARD PRICE, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FAYETTE CIRCUIT COURT
The Honorable Gregory A. Horn, Special Judge
Cause No. 21C01-1103-PL-146

**April 1, 2013**

**OPINION – FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

In this interlocutory appeal, Appellant/Defendant, the Fayette County Board of Commissioners (Board), appeals the trial court's denial of its motion for summary judgment after the trial court concluded that the Board's decision not to reappoint Appellee/Plaintiff Howard Price (Price), as Director of Highway Operations was a quasi-judicial decision that is subject to judicial review.

We affirm.

## ISSUE

Price raises one issue on appeal, which we restate as follows: Whether the Board's decision not to reappoint Price as Director of Highway Operations was a quasi-judicial decision, which is appealable to the Circuit Court pursuant to Indiana Code section 36-2-2-27.

## FACTS AND PROCEDURAL HISTORY

After serving as Director of Highway Operations from 1991 through 2002, Price was replaced in 2003. He was reappointed to the position in 2006 and served through 2010. At the January 4, 2011 public meeting, which Price attended, newly elected Commissioner Barton Barker mentioned that he was concerned about problems within the highway department. After discussing the concerns, the Commissioners agreed to hold executive sessions on January 13 and 14, 2011, to further examine the issue. During the January 13 session, the Board would meet with both union and nonunion employees,

2

and during the January 14 session, the Board would meet with Price. The Board told Price to attend the January 14 session. The Board also issued a memorandum to all highway department staff setting forth the schedule for the two executive sessions, and a notice to the union president stating that the purpose of the meeting was to get input from employees about the future management of the highway department.

During the January 13, 2011 executive session, the Commissioners asked the union employees what was occurring at the highway department. Twelve employees told the Board that Price showed favoritism and gave inconsistent directions. The highway department foreman told the Commissioners that there were supervision problems at the department but that part of the blame rested with the employees as well as the Commissioners.

The following day, Price answered the Commissioners' questions on various topics during a 60 to 90 minute executive session. Specifically, Price answered questions about his medical condition, his military service and work experience, and problems he had encountered with highway department employees. He complained that he needed the Board's help to get the workers to do their jobs. Price was given an opportunity to answer all of the Board's questions and to explain why he felt he was meeting expectations as the Director of Highway Operations.

At the next scheduled Board meeting on January 18, 2011, Commissioner Breitenbach (Breitenbach) moved to reappoint Price as Director of Highway Operations. The motion failed for a lack of a second. Price's reappointment was not discussed until

3

the next regularly scheduled meeting on February 8, 2011. Breitenbach again moved to reappoint Price as Director of Highway Operations, pointing out that Price had recently handled a weather emergency despite being short on equipment and employees. Breitenbach also pointed out that Price never missed a day of work. Again, the Board failed to second the motion. Instead, Barker moved to appoint an interim supervisor until the position could be advertised and a replacement hired. Commissioner Pflum (Pflum) seconded the motion, which passed.

After the meeting, Price asked the commissioners why he had been terminated. Pflum explained that his decision was based on his personal observations and the best interests of the county's taxpayers. According to Pflum, the highway department was not as efficient as it could be. Pflum further explained that his decision was based upon information learned in the executive sessions. He also spoke to people driving on country roads and citizens in the district. Breitenbach disagreed with the decision, and stated for the record the reasons he believed that Price should have been retained as the Director of Highway Operations.

On March 1, 2011, Price filed a complaint against the Board in the Fayette Circuit Court. Specifically, the complaint alleged that Price was bringing the original action and appeal against the Board pursuant to Indiana Code section 36-2-2-27, requesting a *de novo* hearing and review of the Board's decision to terminate him. The Board filed a motion to dismiss, which the trial court converted to a motion for summary judgment following a hearing. The Board filed a summary judgment motion on December 2, 2011.

The trial court held a hearing on the motion and denied it on March 8, 2012. Specifically, the trial court concluded that:

> [T]he Fayette County Board of Commissioners provided [Price] and the union employees with prior notice of its executive sessions and general, open session pertaining to the employment of [Price] as county Highway Supervisor; the Board ascertained facts, heard witnesses, and determined the issue of whether or not to terminate the employment of [Price] as county Highway Supervisor; and, finally, the Board passed a motion to terminate [Price's] continued employment as county Highway Supervisor – a decision that is enforceable by law. As such, the acts of the Board are quasi-judicial in nature and are subject to review. Accordingly, the [c]ourt finds that the Fayette County Board of Commissioners' Motion for Summary Judgment must be denied.

(Appellant's App. p. 373).

The Board now appeals. Additional facts will be provided if necessary.

DISCUSSION AND DECISION

The Board argues that the trial court erred in denying its motion for summary judgment because the decision to terminate Price's employment is not quasi-judicial in nature. In reviewing a trial court's ruling on summary judgment, we stand in the shoes of the trial court, and apply the same standards in deciding whether to affirm or reverse summary judgment. *Warren v. Warren*, 952 N.E.2d 269, 272 (Ind. Ct. App. 2011). Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Our standard of review is not changed by the trial court's entry of findings of fact and conclusions thereon. *C.M.L. ex rel. Brabant v. Republic Services, Inc.*, 800 N.E.2d 200, 202 (Ind. Ct. App. 2003), *trans. denied*.

5

Although the findings and conclusions provide valuable insight into the trial court's decision, they are not binding upon this court. *Id.*

Further, the parties in this case agree that there is no disputed issue of fact and that the question to be determined is a matter of law. We review questions of law *de novo*, and therefore we owe no deference to the trial court's conclusions. *Simon Property Group, L.P., v. Michigan Sporting Goods Distributors, Inc.,* 837 N.E.2d 1058, 1070 (Ind. Ct. App. 2005), *trans. denied*

Indiana Code section 36-2-2-27 provides that a "party to a proceeding before the county executive who is aggrieved by a decision of the executive may appeal that decision to the circuit court for the county." Only "judicial" or "quasi-judicial" decisions of the commissioners may be appealed. *Great Lakes Transfer, LLC v. Porter County Highway Department*, 952 N.E.2d 235, 241 (Ind. Ct. App. 2011). The term "quasi-judicial" or "judicial in nature" is used to designate a judicial function and to indicate that it is being exercised by a person other than a judge. *Lincoln v. Board of Commissioners of Tippecanoe County*, 510 N.E.2d 716, 721 (Ind. Ct. App. 1987), *abrogated on other grounds*, *McDillon v. Northern Indiana Public Service Company,* 841 N.E.2d 1148 (Ind. 2006).

Although it is difficult to define quasi-judicial power and to discriminate between judicial and administrative acts in a way which will be applicable to every case, this court has previously noticed it is the nature, quality, and purpose of the act performed, rather than the name or character of the officer or board which performs it that determines its

6

character as judicial. *Id.* Generally, the judicial function consists of: (1) the presence of the parties upon notice; (2) the ascertainment of facts; (3) the determination of the issues; and (4) the rendition of a judgment or final order regarding the parties' rights, duties or liabilities. *Id.*

In *Lincoln*, the Board of Commissioners of Tippecanoe County affirmed Lincoln's discharge from her employment as a courthouse custodian. *Id.* Lincoln filed an appeal in the Tippecanoe Circuit Court pursuant to Indiana Code section 36-2-2-27. *Id.* The Board of Commissioners filed a motion to dismiss, which the trial court granted. On appeal, this court noted that the Board of Commissioners provided notice to the parties, permitted the parties to be represented by counsel, convened a formal hearing, took evidence, judged the credibility of the witnesses and weighed the evidence, and then made a decision to affirm the decision Lincoln's discharge. *Id.* at 721. The Board of Commissioners also adjudicated Lincoln's challenge to her discharge and rendered a decision against her. *Id.* at 721-22. Based on the foregoing, the *Lincoln* court concluded that the Board was acting in a quasi-judicial capacity and that Indiana Code section 36-2-2-27 therefore provided Lincoln the right to appeal the Board of Commissioners' decision to the circuit court. *Id.* at 722.

Here, as in *Lincoln*, the Board provided notice to the parties, convened a hearing, took evidence, judged the credibility of witnesses, weighed the evidence, ascertained the facts, determined the issues, and rendered a judgment regarding Price's position. The Board was therefore acting in a quasi-judicial capacity and Indiana Code section 36-2-2-

27 provides Price the right to appeal the Board's decision to the Fayette Circuit Court. *See also Hyde v. Board of Commissioners of Wells County,* 198 N.E. 333, 209 Ind. 245 (1935); *Hastings v. Board of Commissioners of Monroe County*, 188 N.E. 207, 205 Ind. 687 (1933).

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in denying the Board's motion for summary judgment.

Affirmed.

BAKER, J. concurs

BARNES, J. concurs with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FAYETTE COUNTY BOARD OF COMMISSIONERS, | ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 21A04-1208-PL-434 |
| HOWARD PRICE, | ) ) | |
| Appellee-Plaintiff. | ) ) | |

**BARNES, Judge, concurring**

I concur with the majority's decision that the trial court properly granted summary judgment under the facts of this case. Given the Board's quasi-judicial actions in terminating Price from his position as Director of Highway Operations, the trial court properly determined that Price was entitled to judicial review of the termination. I write separately to clarify that judicial review is not required in all terminations of such positions. The Board subjected its determination to judicial review under Indiana Code Section 36-2-2-27 by engaging in quasi-judicial actions when it terminated Price.